IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN GUIDO MASCITTI, JR. | § | |
| | § | |
| v. | § | C.A. NO. C-09-093 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## ORDER REGARDING PETITIONER'S MOTION FOR DISCOVERY

Petitioner is a state inmate currently incarcerated at the McConnell Unit in Beeville, Texas, who has filed a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is his motion for discovery. (D.E. 16). Specifically, he seeks requests for production. Id. at 13-18. Petitioner's motion is denied in part and granted in part.

Petitioner is seeking discovery from respondent related to his prison disciplinary conviction. A habeas petitioner is generally not entitled to discovery. Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) (emphasis added); see also United States v. Webster, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted). The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" Lave v. Dretke, 416 F.3d 372, 381 (5th Cir. 2005) (quoting Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)). Furthermore,

"Rule 6 does not authorize fishing expeditions." Murphy, 205 F.3d at 817 (citation omitted). Accordingly, "[d]iscovery may only be permitted with respect to a specifically alleged factual dispute, not to a general allegation." Id. (citation omitted).

      Petitioner has attached twenty requests for production of documents to his motion for leave to conduct discovery. With respect to those requests regarding witness statements and reports (request numbers 5, 6, and 7), these requests are premature, as this case has not been set for a hearing or trial and no witnesses have been designated. Moreover, petitioner has not identified a specific factual dispute with respect to any witness statements. These requests are denied. He also requests a copy of his "travel card," (request number 4), but fails to specifically identify any factual dispute that this evidence would resolve. That request is denied.

      Petitioner has also failed to identify a specific factual dispute regarding any photographs, videotapes, drawings, or sketches relating to the offense. Accordingly, request numbers 8, 9, 10, 11, and 12 are denied. In request number 13, he requests a copy of the police report giving rise to the allegation. He has not identified any police report, nor has he specifically alleged that one was prepared. Accordingly, request 13 is denied. Petitioner's requests 14 through 20 are broad requests seeking information about the last five years of Officer Sanchez's employment with the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), all evidence relating to any relationship between Officer Sanchez, any exchange of free world products between petitioner and the officer, any evidence that petitioner jeopardized the safety of TDCJ-CID, any disciplinary sanctions of Officer Sanchez regarding this incident, the policies of TDCJ-CID regarding inappropriate relationships between staff and offenders, and any electronic records regarding this disciplinary case. (D.E. 16, at 17-18). Petitioner has alleged no specific

factual dispute with regard to these requests, and is plainly seeking to conduct an unauthorized fishing expedition. These requests are denied.

Petitioner also requests that respondent "produce copies of all hearing record transcripts" and "the entire file on disciplinary report No. 20080208573." (D.E. 16, at 13) (request numbers 1 and 2). It is unclear precisely what petitioner seeks by these requests. However, it appears that the disciplinary hearing records and grievance records have not been served on him by respondent. These records would plainly be useful to petitioner in preparing his response to respondent's motion for summary judgment, and should be produced. Insofar as he requests these records, that request is granted.

Finally, petitioner requests a copy of the Office of the Inspector General's ("OIG") file pertaining to the investigation of Officer Sanchez in this matter. (D.E. 16, at 13) (request number 3). Petitioner asserts that Officer Sanchez denied she was ever in a relationship with him, thus making the statement on which his disciplinary conviction was based unreliable. (D.E. 1, at 8). However, petitioner alleges that Officer Sanchez made this statement during an "independent third-party investigation," not the OIG investigation, and he does not assert that she never told the OIG investigators that she provided him with Creatine, as alleged in the disciplinary report. See (D.E. 14, at 12). Accordingly, petitioner has failed to allege a specific factual dispute with respect to this request, and it is denied.

Accordingly, petitioner's motion for discovery, (D.E. 16), is hereby DENIED in part. His request for a copy of the records of his disciplinary hearing and his grievance records in disciplinary case number 20080208573, (D.E. 14), is hereby GRANTED. Respondent is

ORDERED to produce such a copy of the State Court Records, (D.E. 14), no later than Thursday, July 30, 2009.

ORDERED this 21st day of July 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE