IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN GUIDO MASCITTI, JR., | § | |
|     TDCJ-CID NO. 627154 | § | |
| v. | § | C.A. NO. C-09-093 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## OPINION DENYING PETITIONER'S MOTION TO TAKE JUDICIAL NOTICE

This is a habeas petition filed by a state inmate pursuant to 28 U.S.C. § 2254 challenging a disciplinary proceeding. (D.E. 1). Pending is petitioner's motion to take judicial notice of facts. (D.E. 34).

In petitioner's pending motion, he asserts that "Respondent, through his access to courts representative at the McConnell Unit in Beeville, Texas has, allegedly, denied Petitioner access to legal research material." Id. at 2. "Petitioner asks the Court to take judicial notice of complaints and grievances filed to establish the fact of the complaints and related filings." Id. Specifically, he seeks judicial notice of two Step 1 grievances alleging that Ms. Fernandez was denying petitioner access to the courts based on her refusal to provide him with copies of cases from legal reporters. (D.E. 34, Exs. A & B).

A court has the discretion to take judicial notice of an "adjudicative fact" at any stage of a proceeding. Fed. R. Evid. 201; accord Taylor v. Charter Med. Corp., 162 F.3d 827, 829 (5th Cir. 1998). In Taylor, the Fifth Circuit explained that

> Rule 201 of the Federal Rules of Evidence provides that a court *may* take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned."

162 F.3d at 829 (emphasis in original). "Care should be taken by the court to identify the fact it

is noticing, and its justification for doing so.  This is particularly necessary when a document ... from which any number of distinct facts might be drawn is the object of the notice." Colonial Leasing Co. v. Logistics Control Group Int'l, 762 F.2d 454, 459 (5th Cir. 1985).

Here, petitioner asserts that this Court must take judicial notice of the two exhibits.  (D.E. 34, at 3).  It is unclear what about these two documents he wants the Court to take judicial notice.  Significantly, he provides no support for this position.  Four factors detract from petitioner's argument that judicial notice is mandatory.  First, his motion fails to provide "a careful delineation of the fact to be noticed."  21B Charles Alan Wright & Kenneth Graham, Federal Practice and Procedure § 5107.1 (2d ed. 2005).  Second, it does not establish "the purpose and relevance of the noticed fact."  Id.  Third, petitioner also does not include in his motion any "authority for noticing the fact."  Id.  Fourth, he fails to provide "the source of 'indisputable accuracy' for an 'ascertainable fact' under Rule 201(b)(2)."  Id. (emphasis added). Failure to address any one of these factors would arguably undercut a request for judicial notice. Collectively, petitioner's failure to address these factors dooms his motion.

Moreover, these two documents do not satisfy the standard enunciated in Taylor. Allegations of civil rights violations are not contemplated within the rule concerning judicial notice.

Finally, they have no bearing on the petitioner's action regarding his claim that he was denied due process at his disciplinary proceeding.  Even if the Court were to take judicial notice of the purported Step 1 grievances, such documents would not assist petitioner in his claim.  See Ferguson v. Extraco Mort. Co., 264 Fed. Appx. 351, 352 (5th Cir. 2007) (per curiam) (unpublished).  Here, petitioner's documents do not address his disciplinary proceeding, but

instead potentially focus on a civil rights claim pursuant to 42 U.S.C. § 1983 for denial of access to the courts.[1]

Accordingly, petitioner's motion to take judicial notice of facts, (D.E. 34), is hereby DENIED. To the extent that petitioner sought a hearing concerning his motion, that request is denied as unnecessary.

ORDERED this 3rd day of December 2009.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356; see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. Lewis, 518 U.S. at 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam). "Actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348. Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. Lewis, 518 U.S. at 349. If petitioner intends to raise this civil rights claim, he must do so in a separate action subject to screening pursuant to 28 U.S.C. § 1915A.